UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOHN L. BRINSON, JR., | ) |
| Petitioner, | ) |
| vs. | ) Case No. 15-0150-CV-W-HFS-P |
| RONDA PASH, | ) |
| Respondent. | ) |

**O R D E R**

Petitioner is incarcerated by the State of Missouri at the Crossroads Correctional Center. He filed this case *pro se*, seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 from his conviction by a jury in the Circuit Court of Clay County, Missouri, for murder in the first degree. The victim was Petitioner's wife.

Missouri Court of Appeals affirmed Petitioner's conviction and the denial of his motion for post-conviction relief. Docs. 12-16 and 12-19 (unpublished opinions).

The Missouri Court of Appeals summarized the facts as follows:

> In 1996, Brinson moved to Kansas City to join the Kansas City Water Service Department. His wife and their children remained in Iowa. While Brinson was alone in Kansas City, he had an affair. A year later, the victim and their children joined Brinson in Kansas City.
>
> For the next several years, Brinson's relationship with the victim deteriorated. They argued constantly and many of their arguments resulted in physical altercations. In 2001, the victim started having an affair with another man. Brinson found out about the affair and, on one occasion, rammed his vehicle into the man's car and attempted to punch through his windshield.

On July 15, 2002, Brinson and the victim drove with one of their sons to help him jump start his car. Brinson and the victim arrived back at their apartment building at approximately 10:00 p.m. They told their son to go inside the apartment and that they would join him later. Around this time, some building tenants heard the sound of gunfire.

The next morning, the victim did not show up to work. Later that day, the police were dispatched to the intersection of 24th Street and Topping. At this intersection, the police found the victim's vehicle. She was not in the car, but the police did see a large quantity of blood. The police called Brinson and he came to the scene. He identified the vehicle as his wife's. He also mentioned that she was having an affair with another man.

Over the next few days, the police continued their investigation. They found mud all over the car, which they considered unusual because it had been a very dry summer. They also found some plant life and brush stuck under the vehicle. The police conducted tests on the mud and discovered the existence of single-celled organisms, which live only in freshwater sources. Based on these factors, the police surmised that the victim had been killed and her body dumped somewhere in the Missouri River.

The police also found Brinson's handprint on the trunk of the victim's car. Based on the placement of this handprint, the police concluded that Brinson must have had mud and blood on his hand when he left it. The police also obtained fingernail samples from Brinson and discovered the existence of the same single-cell organisms that were present in the mud on the victim's car. Based on this evidence, the police arrested Brinson for the victim's murder.

The victim's body was never recovered.

Doc. 12-19, pp. 4-5.

Petitioner lists four grounds for federal relief. First, Petitioner claims that he was denied effective assistance of

trial counsel because his attorney did not "pursu[e] independent DNA testing on areas of apparent blood." Doc. 4, p. 5 (petition on court-approved forms). Second, Petitioner claims that he was denied effective assistance counsel on direct appeal because his attorney "conced[ed] . . . Brinson's guilt to murdering Marilyn Brinson." *Id*. at 6.

"Before seeking federal relief under § 2254, a petitioner ordinarily must fairly present the federal claim to the state courts. By exhausting all available state court remedies, [a petitioner] gives a state the opportunity to pass upon and correct alleged violations of . . . federal rights." *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citations and quotation marks omitted), *cert. denied*, ___ U.S. ___, 132 S.Ct. 1596 (2012). "If a petitioner has not presented his habeas corpus claim to the [appropriate] state court, the claim is generally defaulted." *Id*.

Petitioner defaulted his first and second grounds for relief by not presenting those claims to the Circuit Court of Clay County, *see* Doc. 12-12, pp. 30-42 (amended motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15), or to the Missouri Court of Appeals on appeal from the denial of post-conviction relief, *see* Doc. 12-14, pp. 21-23 (brief). *See also Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir.) (federal habeas claim that was not raised in the appropriate state court based on the "same factual grounds and legal theories" was procedurally defaulted), *cert. denied*, 540

U.S. 870 (2003).

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner's reply to the State's response does not track the grounds for relief Petitioner listed in his petition. *Compare* Doc. 4, pp. 5-6 (petition on court-approved forms) *with* Doc. 14 (reply).[1] Based on the record, the Court finds that Petitioner has failed to demonstrate cause for his default. The Court also finds that Petitioner has failed to demonstrate that a fundamental miscarriage of justice will occur if the Court declines to consider the merits of the defaulted claims. *See* Doc. 14 (reply); *Bowman v. Gammon*, 85 F.3d 1339, 1346 (8th Cir. 1996) (in order to demonstrate that a failure to consider defaulted claims will result in a fundamental miscarriage of justice, habeas petitioner must show that he is "probably actually innocent" of the crime for which he was

---

[1] Although Grounds 1 and 2 of the original petition here show Petitioner's current intention to use the issues he now emphasizes (Doc. 4), when the State pointed out that they were not in the 29.15 proceeding (Doc. 12), Petitioner's reply (or traverse) fails to claim or demonstrate that the points were presented to the State court in the 29.15 proceeding.

convicted) (citation omitted), *cert. denied*, 520 U.S. 1128 (1997). Therefore, the Court may not consider the merits of Petitioner's first and second grounds for relief, both involving the performance of counsel.

As his third ground for relief, Petitioner wrote: "This ground was raised on post conviction motion." Doc. 4, p. 8 (petition on court-approved forms). Having carefully reviewed the original petition (Doc. 1), an exhibit filed along with the petition on court-approved forms that consists of 55 pages of papers that Petitioner filed in the state courts (Doc. 4-1), and a memorandum (Doc. 5), the Court discerns no error on the part of the state courts in resolving Petitioner's claims.

As his fourth and final ground for relief, Petitioner claims "actual innocence." Doc. 4, p. 9 (petition on court-approved forms). In *Dansby v. Hobbs*, 765 F.3d 809, 816 (8th Cir. 2014), *cert. denied*, ___ U.S. ___, 135 S.Ct. 1733 (2015), the Court summarized the law applicable to Petitioner's actual-innocence claim:

> The Supreme Court has not decided whether a persuasive demonstration of actual innocence after trial would render unconstitutional a conviction and sentence that is otherwise free of constitutional error. The Court has established, however, that the threshold for any such freestanding claim, if it were recognized, would be extraordinarily high. The threshold, if it exists, would require more convincing proof than the gateway standard that allows for consideration of otherwise defaulted constitutional claims upon a showing of

> actual innocence. Thus, on a freestanding claim of actual innocence, it is not sufficient that a petitioner shows even that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. The extraordinarily high threshold, if recognized, would be even higher.

(citations and quotation marks omitted). It is clear that Petitioner has not satisfied the standard explained in *Dansby*.

For the reasons explained above, Petitioner has failed to state claims that warrant federal habeas corpus relief. Therefore, this petition for a writ of habeas corpus is denied, and this case is dismissed. Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to Petitioner. "A certificate of appealability may be issued "only if [Petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has made no such showing, and the Court declines to issue a certificate of appealability.

So **ORDERED**.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: March 21, 2016.